UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE DARNELL BROOKS,<br><br>    Petitioner,<br><br>v.<br><br>JARED D. LOZANO,<br><br>    Respondent. | Case No. 20-cv-01711-VC   (PR)<br><br>**ORDER DENYING MOTIONS FOR DISCOVERY AND FOR EVIDENTIARY HEARING; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OR APPEALABILITY**<br><br>Re: Dkt. No. 26 |

      Jermaine Darnell Brooks filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Brooks did not challenge his conviction, but asserted constitutional challenges to his sentence of life without the possibility of parole ("LWOP").  On December 10, 2021, the court issued an order denying two claims but did not rule on Brooks' equal protection claim pertaining to California Criminal Code § 3051.  The court requested further briefing on: (1) Brooks' argument that he is "actually innocent" of his sentence; (2) Brooks' argument that his equal protection claim is an as-applied challenge to § 3051; and (3) Brooks' motions for discovery and an evidentiary hearing.  On January 4, 2022, the respondent filed his supplemental brief.  Brooks has not filed a supplemental traverse.

      In its December 10, 2021 order, the court concluded that Brooks' petition was untimely because it had not been filed within the one-year statute of limitations for habeas petitions provided in 28 U.S.C. § 2244(d)(1).  Brooks argued that he could overcome untimeliness by showing he is "actually innocent" of the LWOP sentence.  The court noted that there is a miscarriage of justice exception to untimeliness which requires the petitioner to show "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  To pass through the *Schlup* gateway, a petitioner must "present evidence of innocence so strong that a court cannot have confidence in the outcome of

the trial." *Id.* at 316.  However, *Schlup* and subsequent cases interpreting it focused on innocence of conviction, not the sentence.

In his supplemental brief, the respondent indicates he is not aware of any cases holding that a person may pass through the *Schlup* gateway by being "actually innocent" of a sentence, as opposed to a crime.  The respondent points to cases where the courts were faced with the issue of whether the *Schlup* gateway could apply to a non-capital sentence but declined to reach the issue.  For instance, in *Dretke v. Haley*, 541 U.S. 386, 392-93 (2004), the Supreme Court was asked "to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error," but declined to answer the question.

In *Johnson v. Knowles*, 541 F.3d 933 (9th Cir. 2008), the Ninth Circuit was faced with circumstances similar to this case.  The petitioner, who admitted he was guilty of the charged crime, missed the statute of limitations on a claim regarding his sentence.  *Id.* at 935.  He argued that the *Schlup* actual innocence gateway applied so that he could argue the merits of his claims pertaining to his sentence.  *Id.*  The Ninth Circuit held:

> In light of Supreme Court precedent, as well as our own, we conclude that the miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt.  *Schlup*, 513 at 317.  A petitioner who asserts only procedural violations without claiming actual innocence fails to meet this standard.  Therefore here Johnson's concession of guilt is fatal to his untimely habeas petition.

*Id.* at 937-38.

In a footnote, the Ninth Circuit clarified that it was not ruling on whether the miscarriage of justice exception applied where a defendant claims to be innocent of the conduct upon which a sentence is based.  *Id.* at 938 n.2.  The Ninth Circuit cited *Spence v. Superintendent*, 219 F.3d 162, 172 (2nd Cir. 2000), which held "where a petitioner shows by clear and convincing proof that he is actually innocent of the conduct on which his sentence is based, the incarceration is fundamentally unjust and the miscarriage of justice exception to the procedural default bar applies."  In *Spence*, the petitioner was sentenced on the basis of a crime of which he had been

acquitted, but he had not exhausted his state court remedies. *Id.* at 166. The Second Circuit ruled that, because the petitioner showed by clear and convincing evidence that he was actually innocent of the crime for which he was sentenced, the actual innocence exception allowed his constitutional claims to be adjudicated. *Id.* at 172.

Brooks admits he is guilty of the crimes of which he has been convicted, but claims that California Criminal Code § 3051, as applied to him, violates his equal protection rights because his sentence of LWOP excludes him from a youth offender parole hearing, whereas people who were convicted of murder without a LWOP sentence are eligible for a youth offender parole hearing even though their criminal conduct might be worse than his. *See* ECF 26 at 5 (Brooks' Motion for Discovery). This is not the type of claim described in *Spence* that would qualify for the actual innocence exception because Brooks is not claiming he was innocent of the conduct on which his sentence was based. It is like the claim in *Johnson*, where the petitioner admitted he was guilty of the crime, but challenged an allegedly unjust sentence.

Therefore, the *Schlup* gateway does not apply to the statute of limitations bar and Brooks' claim must be denied because it is untimely. Furthermore, even if the claim were timely, the Court would deny the petition on the merits.

The motions for discovery and an evidentiary hearing are denied. The petition for a writ of habeas corpus is denied. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of the respondent and close the file.

**IT IS SO ORDERED.**

Dated: 3/22/2022

_____
VINCE CHHABRIA
United States District Judge